UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, INC. | CIVIL ACTION |
| VERSUS | NO. 15-1320 |
| JIM HOTARD AND 3839 ULLOA STREET, L.L.C. | SECTION "R" (3) |

# ORDER AND REASONS

Defendants move for attorney's fees for their successful defense of a Fair Housing Act suit.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of allegations of housing discrimination at an apartment building located at 3839 Ulloa Street, in New Orleans, Louisiana. The building is owned and operated by Jim Hotard and 3839 Ulloa Street, LLC. Plaintiff Greater New Orleans Fair Housing Action Center, Inc. (GNOFHAC) filed this lawsuit on April 23, 2015, asserting a claim under the

---

[1] R. Doc. 49.

1

Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.*[2] Plaintiff sought declaratory and injunctive relief, damages, attorney's fees, and costs.[3]

Plaintiff's complaint alleged that Hotard treated potential renters for his property differently on the basis of their race. More specifically, plaintiff alleged that Hotard refused to respond to email inquiries regarding his property from African-American testers but responded promptly to email inquiries from white testers.[4] Plaintiff further alleged that Hotard responded less favorably to phone inquiries from African-American testers than he did to phone inquiries from white testers.[5]

On July 17, 2017, the Court held a bench trial. After hearing live testimony and reviewing all the evidence, the Court held that plaintiff had failed to establish by a preponderance of the evidence that Hotard discriminated against its testers on the basis of their race.[6] Accordingly, the Court rendered judgment in favor of defendants. Defendants now move for attorney's fees in the amount of $12,222.70 under the Fair Housing Act, 42 U.S.C. § 3613(c)(2).

---

[2] R. Doc. 1.
[3] R. Doc. 1 at 11-12.
[4] *Id.* at 4-6.
[5] *Id.* at 6-8.
[6] R. Doc. 47.

## II. LEGAL STANDARD

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants are liable for their own attorney's fees. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)). Congress has provided limited exceptions to this rule under certain statutes protecting particular federal rights. *See id.* Like other civil rights statutes, the FHA provides the district court with a great deal of flexibility and discretion in awarding attorney's fees to either a prevailing plaintiff or a prevailing defendant. *See id.* at 416. The FHA states: "In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2).

A prevailing plaintiff in a civil rights case should receive attorney's fees "in all but special circumstances" in order to encourage private enforcement of the civil rights statutes. *Christiansburg*, 434 U.S. at 417. But the policy considerations that support granting fees to a prevailing plaintiff are not present when the defendant prevails. As such, a district court may grant attorney's fees to a prevailing defendant only when the court finds that the action was "frivolous, unreasonable, or without foundation, even though not

brought in subjective bad faith." *Id.* at 421; *see also NAACP v. City of Kyle*, 626 F.3d 233, 239 (5th Cir. 2010) (applying this standard to FHA claim). The Supreme Court has emphasized that district courts should not find that a plaintiff's action was unreasonable or groundless simply because she did not prevail. *See Christiansburg*, 434 U.S. at 421-22. Engaging in such "hindsight logic" would "discourage all but the most airtight claims" and undercut the efforts of Congress to promote vigorous enforcement of civil rights statutes. *Id.* at 423.

## III. DISCUSSION

Defendants first argue that they are entitled to attorney's fees because plaintiff's complaint was unreasonable, groundless, and without merit. Although plaintiff did not prevail at trial, nothing in the record suggests that its claims were unreasonable or frivolous when filed. Before filing its complaint, GNOFHAC conducted five tests to investigate whether Hotard discriminated based on race. The test results showed differential responses to African-American and white testers. Allegations based on this evidence sufficed to make out an FHA claim. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 370, 374 (1982) (affirming circuit court's holding

that tester who allegedly experienced discrimination had standing to bring an FHA claim).

Defendants further argue that plaintiff continued to litigate this case even though discovery revealed that the case lacked merit. At trial, Hotard testified that he was not aware of the testers' race. The Court found this testimony credible, and concluded that plaintiff failed to establish by a preponderance of the evidence that Hotard knew the race of the African-American testers. This conclusion was fatal to plaintiff's FHA claim. But "attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the *underlying civil rights suit* was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (emphasis added).

Hotard's trial testimony, and the Court's credibility determination, do not render plaintiff's underlying suit frivolous or unreasonable. To conclude otherwise would be precisely the type of *post hoc* reasoning the Supreme Court cautioned against in *Christiansburg.* There, the Supreme Court made clear that a district court must not rely solely on the ultimate outcome of the litigation as the standard for whether attorney's fees should be awarded. *Christiansburg*, 434 U.S. at 421. As the Supreme Court stated, "[n]o matter how honest one's belief that he has been the victim of discrimination, no

matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." 434 U.S. at 422. In this case, GNOFHAC was unable to support its claims with evidence sufficient to show discriminatory intent. For the Court to assess attorney's fees against plaintiff simply because it proved unsuccessful would add substantially to the risks of litigation and undermine the efforts of Congress to promote the vigorous enforcement of the FHA. Thus, defendants are not entitled attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for attorney's fees.

New Orleans, Louisiana, this __5th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE